People v Vera (2020 NY Slip Op 00312)





People v Vera


2020 NY Slip Op 00312


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-00975
 (Ind. No. 2291/16)

[*1]The People of the State of New York, respondent,
v
Maximo Vera, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato and Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered December 18, 2017, convicting him of rape in the first degree, criminal sex act in the first degree, sex abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review since he failed to move for a trial order of dismissal specifically directed at the errors he now claims (see CPL 470.05[2]; People v Carncross, 14 NY3d 319, 324-325; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was not deprived of the effective assistance of counsel (see People v Wragg, 26 NY3d 403, 412; People v Benevento, 91 NY2d 708, 712).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court